McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY $10,270.00 IN U.S. CURRENCY, and

APPROXIMATELY $6,100.00 IN U.S. CURRENCY,

Defendants.

2:18-MC-00018-TLN-CKD

CONSENT JUDGMENT OF FORFEITURE

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On September 28, 2017, agents with the Drug Enforcement Administration ("DEA") seized Approximately $10,270.00 in U.S. Currency from Hugo Huazo Jardinez and Approximately $6,100.00 in U.S. Currency from Florencia Huazo Jardinez during the execution of a Federal search warrant at 779 Louise Avenue, Yuba City, CA (hereafter collectively "defendant currency").

2. The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about November 20, 2017, the DEA received a claim from Hugo Huazo Jardinez and Blanca Parra Castillo asserting an ownership interest in the Approximately $10,270.00 in U.S. Currency. On or about November 20, 2017, the DEA received a claim from Jorge Guzman-Aguilar and Florencia Huazo Jardinez asserting an ownership

1

interest in the Approximately $6,100.00 in U.S. Currency (hereafter collectively "claimants").

3. Claimants do not contest the United States' representation that it could show at a forfeiture trial the following: In early 2016, several individuals were arrested and indicted for distributing methamphetamine in the Eastern District of California. In March 2017, investigators identified a methamphetamine distributor related to the 2016 takedown that was not charged. Subsequent investigation identified the residence located at 779 Louise Avenue, Yuba City, California, as being associated with a source of supply for this methamphetamine distributor.

4. Prior to the execution of the Federal search warrant at 779 Louise Avenue, Yuba City, California, a vehicle registered to Hugo Huazo Jardinez at that address attempted to deliver approximately four pounds of methamphetamine to a drug customer. The methamphetamine was seized by law enforcement and the driver (*Agustin Guarneros Licona*) of the vehicle was arrested. During the execution of the federal search warrant at 779 Louise Avenue, investigators determined that each bedroom of the residence was occupied by a different family unit.

5. Claimants do not dispute the United States' representation that suspected methamphetamine, plastic packaging containing suspected drug residue, and a .22 caliber pistol were seized from the southwest bedroom of the residence. Plastic packaging containing suspected drug residue was seized from the garage of the residence.

6. Claimants do not dispute the United States' representation that agents located indicia in the name of Hugo Huazo Jardinez and Blanca Parra Castillo, a .22 caliber pistol, and the defendant Approximately $10,270.00 in U.S. Currency in the northwest bedroom. The government contends that a drug detection dog alerted to the smell of narcotics on the cash.

7. Claimants do not dispute the United States' representation that agents located indicia in the name of Jorge Guzman-Aguilar and Florencia Huazo Jardinez, and the defendant Approximately $6,100.00 in U.S. Currency in the northeast bedroom. The government contends that a drug detection dog alerted to the smell of narcotics on this cash as well.

8. Claimants do not contest the United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9. Without admitting the truth of the factual assertions contained above, claimants

2

specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency.  Claimants acknowledged that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimants shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $2,270.00 of the Approximately $10,270.00 in U.S. Currency and Approximately $6,100.00 in U.S. Currency, together with any interest that may have accrued on the total amounts seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $8,000.00 of the Approximately $10,270.00 in U.S. Currency shall be returned to claimants Hugo Huazo Jardinez, Blanca Parra Castillo, Jorge Guzman-Aguilar, and Florencia Huazo Jardinez through their attorney Arturo A. Marquez.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said

seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

Dated: December 18, 2018

_____
Troy L. Nunley
United States District Judge